BENNETT & LOVELL v. MISSOURI, KANSAS & TEXAS RAILWAY CO.,
OF TEXAS.

### No. 872.

**1.  Assignment of Error Variant from Bill of Exceptions.**

Where an assignment of error was based on the refusal of the court, on an issue of negligence in running trains at an unlawful rate of speed, thus causing sparks of fire to ignite plaintiff's cotton, to admit testimony showing that defendant's trains, "at or about the time of the fire," ran into the city past the place where the cotton was situated, at a rate of speed forbidden by the city ordinances, but the bill of exceptions showed that such testimony was to the effect that trains, "before and after" the fire, were "in the habit of running into the city," past where the cotton was located, at such unlawful speed, the assignment can not be sustained under the bill of exceptions.

**2.  Railway Company—Evidence—Fires.**

In an action against a railway company for losses by fire caused by one of its engines, evidence is admissible to show that its trains were usually run past the place where the fire began at an unlawful rate of speed.

**3.  Same.**

Upon an issue as to whether the owner of cotton destroyed by fire from defendant's engines was negligent in placing the cotton near the railroad track, evidence is admissible to show that defendant's trains frequently passed cotton in open cars near the track without setting fire thereto.

**4.  Same—Unlawful Rate of Speed.**

That an engine was being run at an unlawful rate of speed at the time it started a fire, will not render the railway company liable for the loss caused by the fire unless it is shown that, but for such unlawful speed, the fire would not have occurred.

**5. Contributory Negligence Absolutely Bars Recovery.**

Where plaintiff has been guilty of contributory negligence he can not recover, no matter how negligent the defendant may have been.

**6. Same—Charge of Court on Weight of Evidence.**

A charge of court which assumes that certain facts in evidence, if proved, will constitute contributory negligence, is on the weight of the evidence.

APPEAL from Hill.   Tried below before Hon. J. M. HALL.

*McKinnon & Carlton* and *Clark & Bolinger*, for appellants.

1.   In view of the issues of negligence in this cause charging that appellee on this occasion ran its engines through the corporate limits of Hillsboro at a speed of fifteen to twenty miles per hour in violation of the city ordinances prohibiting a speed of greater than four miles per hour, which increased rate of speed caused more sparks to fly and caused them to fly further from the engine; and in view of the fact that the particular engine which caused the fire was not designated by appellants, the evidence of Frank Young and others showing the custom of appellee at and about the time of the fire to run its engines at a high rate of speed was competent as a circumstance for the jury to consider in establishing the negligence of appellee in burning said cotton.   Ry. Co. v. Kutac, 76 Texas, 473; Ry. Co. v. Donaldson, 73 Texas, 124; Ry. Co. v. DeMilley, 60 Texas, 194; Ry. Co. v. Taylor, 79 Texas, 104; Ry. Co. v. Evansic, 63 Texas, 54; Ry. Co. v. Bartlett, 69 Texas, 79; Koontz v. Ry. Co., 43 Am. and Eng. Ry. Cas., 11; Ry. Co. v. Horst, 93 U. S., 291.

2.   In view of the defense of contributory negligence pleaded by appellee, charging that appellants had unduly exposed their cotton by placing same near their railway track, and were therefore guilty of contributory negligence, it was certainly competent and in justification of the acts charged against the plaintiffs to prove that defendant's engines were daily and constantly passing much nearer to cotton similarly exposed in open cars without causing same to be burned.   Ry. Co. v. Donaldson, 73 Texas, 124; Ry. Co. v. Bartlett, 69 Texas, 79.

3.   As to the particular phase of negligence and the liability therefor involved in the violation of the city ordinance, appellants submitted that, regardless of any other acts of negligence charged and proved in the cause, they had a right to recover of appellee their damages if they proved by a preponderance of testimony that appellee's engines burned said cotton and so burned the same while in the act of violating the city ordinance of the city of Hillsboro, and thereby committing a crime, such violation of law of itself being negligence.   And the court should have so charged the jury, limiting the right to recover on this account only by the appellee's showing that although it was violating said city ordinance, yet in the violation thereof it did not cause the damage.   Ry. Co. v. Wilson, 60 Texas, 142; Ry. Co. v. Gasscamp, 69 Texas, 545; Ry. Co. v. Gray, 65 Texas, 32; Ry. Co. v. Holtcamp, 3 Willson Civil Cases, sec. 437; Gratiot v. Ry. Co., 55 Am. & Eng. Ry. Cas., 108; Schlereth v. Ry. Co., 19 S. W. Rep., 1134; Dahlstrom v. Ry. Co., 18 S. W. Rep., 922.

4.  That part of the court's charge presenting the question of contributory negligence on the part of plaintiffs is erroneous in that it attempts to recite and group together the facts that would constitute contributory negligence on the part of plaintiffs, and is a charge upon the weight of the evidence and invades the province of the jury and takes from them the right to determine the question of contributory negligence.  Ry. Co. v. Levi & Bro., 59 Texas, 674; Ry. Co. v. Waller, 56 Texas, 331; Denham v. Trinity County Lumber Co., 73 Texas, 78; Ry. Co. v. Chapman, 57 Texas, 75; Ry. Co. v. Lee, 70 Texas, 500; Ry. Co. v. Greenleaf, 70 Texas, 562; Dillingham, Receiver, v. Parker, 80 Texas, 572; Ry. Co. v. Murphy, 43 Texas, 356; Ry. Co. v. Wilson, 60 Texas, 142; Ry. Co. v. Anderson, 76 Texas, 251; Ry. Co. v. Moore, 69 Texas, 160; Ball v. City of El Paso, 23 S. W. Rep., 835; Ry. Co. v. Long, 23 S. W. Rep., 499.

*Stedman & Thompson,* for appellee.

LIGHTFOOT, CHIEF JUSTICE.—The following statement of the case by appellants is concurred in by appellee, and is adopted:  Appellants, as plaintiffs below, sued appellee, a railway corporation, operating a line of railway passing through the corporate limits of the town of Hillsboro, for $22,000 damages resulting to appellants in the total loss of 423 bales of cotton belonging to appellants, of the value of $22,000.  Appellants stated their cause of action against appellee substantially as follows: That on November 17, 1892, said appellee, acting through and by its agents, servants and employes, in operating its train through said town of Hillsboro, Texas, negligently set fire to and burned the above described cotton of the above value, which cotton was situated in the Alliance cotton yards and Polland's cotton yard on the northeast side of appellee's railway in said town of Hillsboro; that said appellee so negligently and carelessly ran its engines and trains on and over its said railway tracks passing through said Hillsboro, Texas, and caused sparks and fire to fly through the smokestacks and engines and set fire to said above described cotton, causing its total destruction; that appellee was negligent in that its servants and employes ran their engines at said time and place in the corporate limits of the city of Hillsboro during a high wind passing from their said engines in the direction of appellants' cotton, at a high and excessive rate of speed, to-wit, at a speed of fifteen miles per hour, thereby causing them to emit sparks and coals of fire as they passed the cotton yards in which appellants' cotton was situated, and that this was in violation of the laws and valid ordinances of said city of Hillsboro, a municipal corporation, prohibiting by ordinance the running of any engine through said corporate limits in said city at a greater rate of speed than four miles per hour.  That appellee was further negligent in causing said fire, in that its engines were defectively constructed and permitted large sparks and coals of fire to escape from them in their operation along said railroad passing by said cotton yards where appellants' cotton was situated,

and that said engines were provided with defective appliances, etc., and on account of said negligence and reckless high rate of speed at which defendants' engines were run on said day and date, and on account of said defective management and construction of said engines, appellants sustained all of said damages, etc.

Appellee answered by general demurrer, general denial, and specially setting forth that said fire did not originate from any negligence of appellee, but if said appellee did cause said fire by negligence, appellants were also guilty of negligence in that they placed their cotton in a few feet of appellee's railway track where its trains were constantly passing, which trains necessarily and unavoidably emitted more or less fire and were liable to communicate same to any combustible matter. The cotton was of highly combustible nature and was in such position that it was liable to be ignited by sparks unavoidably thrown from appellee's engines passing, and that if it was so ignited and burned by fire, it was caused by appellants' own negligence in failing to protect said cotton from being ignited, and in failing to provide means for extinguishing fire; and further, if said fire resulted from negligence of appellee as charged, that appellants were guilty of negligence in failing to prevent the destruction of said cotton after the fire had been communicated to it, and in permitting same to be destroyed after it had been ignited; and further, that even if said cotton was ignited and burned by sparks issuing from appellee's engines, that it was not liable for the damages for the reason that its engines were provided with the latest improved spark arresters and appliances for preventing the escape of fire, which appliances were in good condition and said engines were manned and operated in a skillful manner and engineers used the highest degree of skill and care to prevent said fire from escaping; and further that the ordinance of the city of Hillsboro referred to in plaintiff's petition, prohibiting a greater rate of speed than four miles per hour, was void on the ground that it was unreasonable.

The cause being submitted to a jury, there was a verdict on which judgment was rendered for appellee, and the case is before us on appeal.

1. The first assignment of error is as follows: "The court erred in failing and refusing to admit in evidence the testimony of Frank Young and others, to the effect that at or about the time of the fire he had seen engines drawing passenger trains for the defendant's railway passing through the city of Hillsboro at the place where the fire originated, at a speed of fifteen and twenty miles per hour. All of which is shown by bill of exceptions No. 1."

The bill of exceptions does not make it clear that the testimony offered would show that the trains referred to passed "at or about the time of the fire," but that "the passing trains of the defendant going south before and after the burning of the cotton in question were in the habit of running into the city of Hillsboro by the place where the cotton was located at a rate of speed from fifteen to twenty miles per hour." These trains might have passed so long before, or so long after the fire, as not to fur-

nish the slightest evidence of negligence at or about the time of the fire. We cannot sustain the assignment under the bill of exceptions; but in view of another trial growing out of a reversal of the judgment for other errors, we will notice the question presented in the assignment.

In the case of Railway Co. v. Donaldson, 73 Texas, 126, evidence was offered to show that a fire had originated on or about the same day from sparks from one of the defendant's engines at a different place and from a different engine from the one causing the damage sued for. Judge Stayton said: "Other parts of the witness' testimony tend to show that the fire at Dickinson originated from sparks escaping from one of defendant's engines though not from the one from which it is claimed the fire in question originated, and there was much evidence tending to show that all the appliances used to prevent the escape of fire were used on the . engines of defendant.

"So much of the evidence objected to, we are of the opinion was admissible, as it had a tendency to rebut this evidence offered by defendant and to show that the officers and agents of the company in this respect were not so careful as they claimed to have been. This evidence was weak in character but not irrelevant, and was properly admitted." Railway Co. v. Richardson, 91 U. S., 470; Railway Co. v. Noel, 77 Ind., 121; 1 Whart. Ev., 43; Pierce on Railroads, 439. See also Railway Co. v. Kutac, 76 Texas, 473; Railway Co. v. DeMilley, 60 Texas, 194. While such evidence may be "weak in character," it is nevertheless admissible.

2. The second assignment of error is that "the court erred in failing and refusing to admit in evidence the testimony of W. H. Young, to the effect that trains of the defendant frequently passed cotton in open cars near the track of defendant's railway, from time to time, about the time of the fire in question, without setting fire to cotton so in charge of defendant's company. All of which is shown in bill of exceptions No. 2."

It appears from the bill of exceptions that this testimony was offered in answer to the defendant's charge of contributory negligence. It was claimed by the defendant that the plaintiff was guilty of contributory negligence in leaving the cotton near the track exposed to the danger of fire from sparks from passing engines. In view of the issue presented, it was a material inquiry, how close the locomotive engines could usually pass without danger, so as to determine whether a man of ordinary prudence and care would have placed his cotton in the yards where the . cotton was burned. The court erred in excluding the testimony.

3. The third, fifth, eighth, ninth and tenth assignments of error complain of the court's charge upon the question of the violation of the city ordinance of Hillsboro by appellee, in running its engines faster than four miles an hour while passing appellants' cotton, and in refusing appellants' requested instruction upon that subject. The court's charge as given was as follows: "You are instructed that if you believe from the evidence that the engines of the defendant were run at a greater rate of speed than four miles per hour and that same was a violation of an ordinance of the city of Hillsboro, still you cannot find for the plaintiffs

for that reason, unless you believe from the evidence that the running at such greater rate of speed, if any, was the cause of said engines, if any, emitting sparks and fire, and that it would not have occurred if they had been run at a less rate of speed, and that by reason of such greater rate of speed, if any, fire and sparks were thrown from said engines and communicated to and burned said cotton. But if you do believe that the engines of defendant at the time and place of this fire were run at a greater rate of speed than four miles per hour, and that by reason of same fire and sparks were thrown from same and communicated to and burned said cotton, and same would not have occurred but for the reason of such greater rate of speed, if any, then you will find for plaintiffs and assess value of said cotton as explained in the first paragraph of this charge. But if you believe said greater rate of speed did not cause said fire, then you will not find against the defendant, because it may appear from the evidence that its engines were at the time and place of the fire running at a higher rate of speed than four miles per hour."

This charge presents the true theory of the law upon the subject, but it is open to the criticism that the negative is too often repeated, and it authorizes the jury to find a verdict for the plaintiffs if they believe that the engine was run at a greater rate of speed than four miles per hour, and by reason of such speed, threw sparks and set fire to the cotton, without reference to contributory negligence on the part of plaintiffs. In this last respect the charge was more favorable to appellants than they had a right to expect. While this charge was not clearly presented, we do not think the jury could have been misled thereby. The plaintiffs' counsel requested special instructions upon the subject. The first special instruction was properly refused. The third was, in substance, the same as given by the court, though better guarded upon the question of contributory negligence. We find no substantial error of which appellants can complain under these assignments.

4.   The eleventh and sixth assignments of error complain of that portion of the charge of the court which presents the question of contributory negligence, and in the refusal of the court to give appellants' special instructions. The charge of the court as given was as follows: "You are further instructed that if you believe from the evidence that the cotton of plaintiffs was stored in the cotton yards of W. H. Polland and in the yards of the Farmers' Alliance, and that said Farmers' Alliance was contiguous and adjacent to the yard of W. H. Polland, and shall further believe that said yard of W. H. Polland was a dangerous place to store cotton because of its closeness to defendant's railroad track, and that said cotton was daily in danger of being ignited and burned by sparks and fire escaping from passing engines of defendant; and that if the cotton stored in the said yards of the said Polland was set fire to it was liable to be communicated to and burn plaintiffs' cotton in the Farmers' Alliance yard, and that these facts were known to W. H. Polland and the owners of the Farmers' Alliance yard, the bailees of the plaintiffs, or that same could have been known to said parties by the use of slight care,—

that the closeness of said yard of Polland was the proximate and immediate cause of the destruction of said cotton,—then you will find that the plaintiffs were guilty of contributory negligence, and you will find for the defendant and so say."

The special charge No. 4 asked by appellants was substantially as follows: "You are further charged that property adjacent to a railway track may be used in any lawful manner that the party owning or controlling same may see fit, and in using the same the party so using it has the right to expect that the railway company will act in the use of its property in an ordinary careful and prudent manner, and if in this case plaintiffs when they placed their cotton near said railway track believed their cotton would not be in danger in case the company's engines and cars were used in a careful and prudent manner, and that plaintiffs used such care as an ordinary prudent man would have used under such circumstances, then if plaintiffs did so believe, if you further find that such cotton would not have been endangered by the proper use of said engines and cars, you are instructed that plaintiffs are not guilty of contributory negligence."

The charge of the court as given is clearly upon the weight of the evidence, and fails to present properly the rule governing such cases. The defense of contributory negligence being interposed, the test as fixed by our courts would be, whether the appellants in placing their cotton where it was burned used such care and caution as a person of ordinary prudence would have done. If they did, they were not guilty of contributory negligence; if they did not, they were guilty of negligence, and if such negligence contributed to the injury, under the authority of the case of Martin v. Railway Co., 87 Texas, 122, as decided by the Supreme Court, they can not recover. That case was similar in many of its features to this, and the Supreme Court there laid down the rules by which cases of this character are expected to be governed. The fourth special instruction above as asked by appellants does not seem to come up to the full measure of the rule laid down in the above cited case. The question of the "belief" or good faith of the plaintiffs, should have been eliminated. A man may believe that he is acting very prudently in handling his property, when exactly the reverse is true. Were the plaintiffs at the time of the injury using such care with their cotton as a person of ordinary care and prudence would have used under like circumstances?

Our Supreme Court has wholly discarded the doctrine of comparative negligence in such cases, and has held, unqualifiedly, that if the plaintiff has been guilty of contributory negligence, then plaintiff can not recover, "no difference how negligent in the matter you may find defendant to have been." While this is true, the old rule as to the degree of care necessary to be exercised by a man in holding his own property so as not to be guilty of negligence has in nowise been changed. The railway company has a perfect right to run its engines along its line of railway, but it is held to a certain degree of care in doing so, viz., such care as a person of ordinary prudence would commonly exercise under like circumstances,

and the degree of care required in each case is proportioned to the amount of danger probably consequent upon a failure to exercise such care. A property owner has a perfect right to keep property near the line of railway, but such property owner is held to a certain degree of care to prevent its loss or destruction, viz., such care as a person of ordinary prudence would commonly exercise under like circumstances.

If appellants in keeping their cotton near the railway came up to this measure of care, they were not guilty of any negligence; otherwise, they were. If appellants were guilty of such negligence, and it caused or contributed to the injury, then they can not recover under any state of the case. But if appellee was guilty of negligence under the rule above given, and such negligence caused the injury, and appellants were not guilty of any contributory negligence under such rule, then such appellants would be entitled to a recovery. Martin v. Railway Co., 87 Texas, 117; Railway Co. v. Levine, 87 Texas, 437.

The principal vice in the charge of the court was in assuming that if certain facts were proved they would constitute negligence. The jury should have had clearly submitted to them the rule of law governing the question, and then should have been left to determine whether such facts constituted negligence. Railway Co. v. Murphy, 46 Texas, 367; Campbell v. Trimble, 75 Texas, 271; Railway Co. v. Hill, 71 Texas, 459.

For the errors above indicated, the judgment is reversed and the cause remanded for a new trial.

*Reversed and remanded.*

Delivered October 5, 1895.