Houston and Texas Central Railway Co. v. L. L. Stewart et al.

Delivered November 11, 1896.

**1. Verdict—Immaterial Apportionment of Damages.**

Where, in an action by the husband and wife for damages for personal injury to the wife, the verdict apportioned the damages found, as between the plaintiffs, the error was harmless as to the defendant.

**2. Charge of Court—Omission of Material Issue.**

It is reversible error for the court to fail to submit a material issue pleaded by the defendant and supported by evidence.

**3. Charge Contradictory as to Ordinary Care.**

An instruction that, "Although you [the jury] may believe from the evidence that defendant's train did not stop at C. station a sufficient length of time to permit plaintiffs to board said car with safety, as alleged in their petition, yet if you should further believe from the evidence that an ordinarily prudent person under the same circumstances in the exercise of ordinary care could have boarded said train with safety, your verdict must be for the defendant," presents an evident contradiction

**4. Negligence a Question of Fact—Boarding Train.**

It is not negligence per se for a person to assist another to get on a moving train, nor is it such for a passenger to get on or off a train at a depot, after it has started. It is a question of ordinary care under the circumstances.

APPEAL from Washington. Tried below before Hon. Edward R. Sinks.

*Baker, Botts, Baker & Lovett* and *Frank Andrews,* for appellant.

[No brief for appellee reached the Reporter.]

JAMES, Chief Justice.—The first assignment complains of the following charge: "It is the duty of a railway company to stop its trains at its depots a reasonably sufficient length of time for passengers desiring to take passage on such trains to embark thereon in the cars of such train, but a failure to do so would not make it liable for an injury unless it was the direct cause of such injury, without contributory negligence on the part of the person injured." The vice of this paragraph, as claimed, lies in practically declaring the act of not waiting a reasonably sufficient length of time to be negligence. In another paragraph of the charge the jury were instructed that a failure to wait a sufficient length of time for plaintiff to board the train, if the jury found such failure to be negligence, would (other facts concurring) entitle plaintiff to recover. As the case must be reversed on other assignments, we do not deem it necessary to pass on the correctness of the charge, taking these paragraphs together, because upon another trial the court will doubtless frame the former paragraph to meet the objection now specified. Railway v. Breadow, 36 S. W. Rep., 413.

By the fifth assignment it is complained that the court directed the jury, in case they found for plaintiffs, to assess the damage at such sum as would fairly compensate them for the actual pecuniary loss sustained

by Mrs. Stewart, if any, and to apportion such damages between the plaintiffs. We are at a loss to know how the idea of apportionment in a suit by the husband and wife for damages for injury to the wife, was conceived. It is well settled that such damages are community property, and may be recovered at the suit of the husband alone. She has been held not to be a necessary party. Yet we fail to see in what manner a verdict in favor of the husband and wife jointly, or a finding for both, with an apportionment between them, prejudices the defendant. The jury were authorized to find only the damages sustained by the wife, and what they found in pursuance of this charge would be the measure of recovery, and the rest of the verdict, if improper, might be treated as surplusage and disregarded. It seems to us that the court would have committed no error if upon this verdict it had entered judgment in favor of the husband for the entire sum, in obedience to the rule of law that he was entitled to recover it, or a joint judgment in their favor might properly have been entered on the verdict. So also a judgment, conformable to the terms of the verdict, would have been as effective an adjudication against the husband and wife, as if entered in favor of the husband alone, or both of them jointly, hence it ought not to be a ground of reversal at the instance of defendant. This disposes of the sixteenth and twentieth assignments. The verdict was: We, the jury, find for the plaintiffs in the sum of $1500 damages; for Mrs. L. L. Stewart, $1000, and L. L. Stewart, $500. With the exception of the criticism of the first assignment, the charge given seems unexceptionable, and in fact is not complained of, as far as it goes. There were several refused charges, and the following assignments deal with alleged errors in this particular.

The seventh assignment shows that the following charge was asked: "Although you may believe from the evidence that the defendant in this case was guilty of negligence as herein defined, and as charged in plaintiff's petition, yet if you believe from the evidence that the plaintiff, Mrs. L. L. Stewart, was guilty of contributory negligence as herein defined, or if you believe from the evidence that the plaintiff L. L. Stewart was himself guilty of contributory negligence as herein defined, plaintiff cannot recover for an injury so received, although you should find the defendant guilty of negligence in one or all of the matters charged in the petition."

It appears that plaintiff and his wife were about to board the train, and there was evidence from which it might have been found that his negligence in attempting, under the circumstances, to get on the platform after the train had started, was the cause of his wife's injury. It was specially pleaded that the injury was produced by his negligence, and it was an issue that defendant was entitled to have submitted. The charge given nowhere mentions this issue, and it has been held error to refuse a charge under these circumstances. Railway v. McGlamory, 35 S. W. Rep., 1058; Railway v. Neff, 87 Texas, 307.

In reference to the eighth assignment we will say that the charge asked

was properly refused, if there was no evidence of other acts of negligence than those alleged. Otherwise defendant would be entitled to have a charge given instructing the jury to consider no other acts of negligence. Railway v. Sanchez, 88 Texas, 117. It is not necessary for us to read all the evidence to determine whether or not, under the said rule, the charge would have been a correct one in this case. The special charge No. 4, which is the subject of the tenth assignment, was a proper one to give. Its equivalent was not in the charge given. We notice that this charge was so worded that under it defendant would have been made liable although not guilty of any negligence itself, provided plaintiffs were not guilty of contributory negligence. The word "or" was doubtless intended for "and."

We are of opinion that the second paragraph of the refused charge No. 5 should have been given. The issue here asked to be presented was specially pleaded, and is not mentioned in the charges that were given. Railway v. McGlamory, supra.

In reference to the twelfth assignment, we are of opinion that the first clause of the refused charge presented an evident contradiction. If it was not possible for plaintiffs, for want of time allowed, to board the train in safety, they could not have boarded it by the exercise of ordinary care. The matter presented in the third and fourth clauses of this charge was sufficiently given. The substance of the second clause would be more correctly given if it be confined to the act of the husband in attempting to get on the train—as there seems to be no evidence that the manner in which the wife got on the train was the cause of her injury.

The fourteenth assignment was properly refused. It was misleading and did not state the law. It is not negligence per se for a person to assist another to get on a moving train, nor is it such for a passenger to get on or off a train, at depots, after it has started. It is a question of ordinary care under the circumstances. The charge declared that the person assumed the risk of such acts. Railway v. Smith, 59 Texas, 406; Railway v. Davidson, 68 Texas, 373.

There was no error, in view of the charges given, to refuse the special charge No. 7.

We forbear for obvious reasons any discussion of the seventeenth assignment, which is that the evidence does not support the verdict, and the eighteenth, which is that the verdict was excessive.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*