Fort Worth & Rio Grande Railway Company v. W. H. Dial.

Decided February 8, 1905.

1.—Railway—Escape of Fire—Degree of Care.

An instruction that it was the duty of the railway company, in an unusually dry season, etc., to use great care in operating its engines imposes a higher degree of care upon defendant than the law requires.

2.—Same.

A charge that it was the duty of a railway to keep its right of way free from combustible material, and that if it failed to discharge this duty and permitted fire to escape and be communicated to plaintiff's land it was guilty of negligence, is erroneous, both as being on the weight of evidence, and as requiring of defendant a greater degree of care than was imposed upon it by law.

3.—Fire—Contributory Negligence—Charge.

A charge that plaintiff, complaining of the burning of his stacks by fire from a railway locomotive, had a right to use his property in the ordinary way and to stack his straw on his own land wherever his convenience might indicate without being guilty of contributory negligence, was erroneous in law and improperly relieved the plaintiff from the duty to exercise ordinary care for his own protection.

4.—Same.

Instruction holding plaintiff to the use of ordinary care in the matter of exposing combustible property by placing it in too close proximity to a railway track, held improperly refused.

Appeal from the County Court of McCulloch. Tried below before Hon. Joe A. Adkins.

*F. M. Newman,* for appellant.—The defendant was required to use no greater precaution to prevent the fire than a person of ordinary prudence and caution ordinarily would have done under like circumstances, and it was error to require that great precaution should have been used by the defendant. Martin v. Texas & P. Ry. Co., 87 Texas, 118.

It was the duty of appellee to use ordinary care and precaution to protect the straw from fire caused by appellant's engines, and the charge excused and relieved him from all care and precaution in the matter, and was therefore erroneous. Martin v. Texas & P. R. R. Co., 87 Texas, 118; Bennett v. Missouri, K. & T. Ry. Co., 11 Texas Civ. App., 426, 32 S. W. Rep., 834; Gulf, C. & S. F. Ry. Co. v. Jagoe, 32 S. W. Rep., 718; Edwards v. Campbell, 12 Texas Civ. App., 236, 33 S. W. Rep., 762; Paris, M. & S. P. Ry. Co. v. Nesbitt, 11 Texas Civ. App., 608, 33 S. W. Rep., 280; Fero v. Railway Co., 22 N. Y., 209, 78 Am. Dec., 179; Ohio, etc., Ry. Co. v. Shanefelt, 47 Ill., 497, 95 Am. Dec., 504; Murphy v. Railway Co., 45 Wis., 222, 30 Am. Rep., 722; Kesee v. Railway Co., 30 Iowa, 78, 6 Am. Rep., 644; Chicago & N. W. Ry. Co. v. Simonson, 54 Ill., 504, 5 Am. Rep., 155.

It was the duty of appellee, in stacking his straw, to use ordinary care and precaution in selecting a place for it, and if he placed it in an unprotected condition, nearer to the railroad than a person of ordinary prudence and caution would have done under like circumstances, then he was guilty of contributory negligence to such an extent that he would have no right to recover, and the question of such contributory negligence should have been submitted to the jury.

No briefs for appellee.

EIDSON, ASSOCIATE JUSTICE.—This is a suit brought by appellee, Dial, plaintiff below, against appellant, defendant below, in the Justice's Court, for $120 damages for a stack of wheat and oat straw alleged to have been destroyed by fire through the negligence of defendant, appellant.

Appellant pleaded general denial and contributory negligence in answer to appellee's petition. Appellee recovered judgment in Justice's Court for $120, and appellant appealed to the County Court, where, on verdict of a jury, appellee recovered a judgment for $100.

Appellant's first assignment of error is as follows: "The court erred in giving to the jury plaintiff's special instruction number 2, which is as follows: 'The court instructs the jury that the law is that it is the duty of the railway company, in an unusually dry season, or in an unusually dry country, where all inflammable material is like tinder, and liable to be set on fire from the smallest sparks, to exercise greater precaution and care in the operation of its engines than in damp seasons or countries. So, where the wind is blowing directly from the engine toward inflammable or combustible materials or property belonging to individuals, greater precautions are required in the operations of trains by the railway company. If you find from the evidence that the time when Dial's stacks were destroyed was unusually dry time, and if you further find that the railway company did not use great precaution in operating its engines to prevent the escape of flying sparks and coals of fire, and,

through its negligence, Dial's stacks were destroyed, then you will find your verdict for plaintiff.' "

We think the charge complained of in the above assignment of error is subject to the criticism of appellant, as it imposes upon appellant a greater degree of care or precaution than the law requires. The rule is that, under such circumstances as is shown by the evidence in this case, the railroad company would be required to exercise only that degree of care that a person of ordinary prudence would have exercised under the same or similar circumstances, and the jury should have been so instructed. (Martin v. Texas & P. Ry. Co., 87 Texas, 118.) We are also of opinion that said charge is objectionable on account of being argumentative.

Appellant's second assignment of error is as follows: "The court erred in giving to the jury plaintiff's special instruction number 3, which is as follows: 'The court instructs the jury that the law is that, as it is impossible to entirely prevent the escape of sparks and coals of fire from railway locomotives, and that, as the sparks and coals of fire that do escape usually fall on the right of way, it is the duty of the railway company to keep its tracks and right of way free from dry grass, weeds and other combustible material, which are liable to be ignited by sparks and coals of fire, and thus communicate fire to the premises of others, and if you find that the railroad failed to discharge this duty, and permitted the fire to escape and communicate to the land of Dial, and thereby to his stacks that were destroyed, then the railroad was guilty of negligence, and you will render your verdict for plaintiff.' "

This charge is erroneous on account of being upon the weight of the testimony; and is further objectionable as requiring of the railroad company a greater degree of care than imposed upon it by law, and hence we sustain this assignment of error.

Appellant's third assignment of error is as follows: "The court erred in giving to the jury plaintiff's special instruction number 1, which was as follows: 'The court instructs the jury that the law is that, where a person owns land adjoining the right of way of a railway company, he has a right to presume that the railway company will not be guilty of negligence, and he is not bound to remove dry and combustible material from his land in anticipation of probable negligence on the part of the railway company. The plaintiff, Dial, had a right to use his property in the ordinary and usual way, and, so long as he did so, he is not guilty of contributory negligence. As the plaintiff, Dial, had a right to use his property in the ordinary and usual way, so he had a right to stack his straw on his own land wherever his convenience might indicate, even near the right of way of the railway company."

This instruction is erroneous in that it does not embody a correct principle of law, and also on account of its relieving plaintiff from the exercise of ordinary care to protect from fire that might be caused by appellant's negligence his stacks of straw which he alleged were burned. (Martin v. Texas & P. Ry. Co., supra; Bennett v. Missouri, K. & T. Ry. Co., 11 Texas Civ. App., 426, 32 S. W. Rep., 834; Edwards v. Campbell, 12 Texas Civ. App., 236, 33 S. W. Rep., 762.) As contended by appellant, we think if appellee's stack of straw, on account of the burning of which he claims damages, was in an exposed and unprotected

condition, nearer the railroad than a person of ordinary prudence and caution would have placed it, and left it in that condition, and without the exercise of ordinary care permitted weeds and grass to accumulate between it and the railroad, so that fire would probably be communicated to it by sparks emitted from the engines of appellant, while operating its trains with ordinary care, he would be guilty of contributory negligence. The question of contributory negligence upon the part of appellee should have been submitted to the jury for their determination under an appropriate instruction.

Appellant's fourth assignment of error is as follows: "The court erred in refusing to give to the jury special instruction number 2, asked by defendant, which was as follows: 'If you believe from the evidence that plaintiff, knowing that the straw in question was easily set on fire, placed same in an unprotected condition, nearer defendant's railroad tracks, where he knew it was daily operating trains, than a man of ordinary prudence and caution would do, then plaintiff would be guilty of contributory negligence, and would not be entitled to recover in this case.'" We are of the opinion that, in view of the evidence adduced upon the trial, the court should have given to the jury this requested charge of the appellant, and its refusal constituted error.

Appellant's other assignments of error are not well taken.

For the errors above pointed out the judgment of the court below is reversed and the cause remanded.

*Reversed and Remanded.*