Adopted.

---

## G. H. & S. A. R. R. CO. vs. FRENCH SMITH.

### SUPREME COURT, AUSTIN TERM, 1883.

*Injury to Person—Contributory Negligence.*—In the absence of a statute defining the acts which constitute negligence, then it is a question of fact for the determination of the jury

*Same—Charge.*—A charge that "if the plaintiff took no more risk in leaving the train than ordinarily prudent men would take under like circumstances, then he is not precluded from recovering on account of negligence," and "if the jury believe from the evidence that the plaintiff did not exercise the care and prudence which under like circumstances ordinarily prudent men would have used, * * * he is not entitled to recover," *held* to contain the true test, the application of which was within the comprehension of the jury.

Appeal from Guadalupe County.

Appellee who was plaintig below, on June 18th, 1877, sued appellant for damages alleged to have been done plaintiff on defendant's road; that Smith, the plaintiff, took passage on defendant's road from San Antonio to Kingsbury; that on reaching Kingsbury, the train was checked up but did not come to a halt; that Smith, in getting off

the train, which was in motion, was by its impetus thrown down and off the platform by reason of which he sustained bodily injuries, putting his damages at $100.00 in doctor's bills, $1000.00 in loss of time from his business, $10,000.00 from mental suffering, and $10,000.00 for exemplary damages.

The defendant excepted to the citation and service of process on Jas. Martin, the local freight agent, as not sufficient. Defendant demurred generally and specially to petition, and answered, denying the allegations.

The exceptions and demurrer being overruled, and verdict and judgment for plaintiff for $1,250.00, and defendant's motion for new trial being overruled, defendant excepted, and gave notice of appeal and assigned numerous errors.

Opinion by Watts, J.

Negligence upon the part of appellee in alighting from the moving train is asserted as a defense against a recovery for the injuries received by him in falling from the platform as he stepped from the train.

The Supreme Court of Arkansas in the case of St. Louis, I. M. & S. R. R. Co. vs. Cantrell, reported in American and English Railroad Cases, Vol. 8, Part 1, p. 202, said "that it is imprudent and want of care, as a general proposition, to alight from a train while it is in motion; but whether it was so in a particular case must depend upon the circumstances under which the attempt was made. It would not be so if the train was moving so slowly that no damage could be reasonably apprehended."

In Chicago & Dalton R. R. Co. vs. Bonfield, American and English Railroad Cases, Vol. 8, Part 3, p. 494, the Supreme Court of Illinois made use of the following observation :—" It is claimed that alighting from a tram in motion is such negligence as to preclude all recovery, whatever the circumstances. This may be true, and no doubt is, where the company is not in fault, and the train has considerable speed; but it is not necessarily true where it is a question of comparative negligence. A train might be barely in motion,— moving so slowly as to get off would be attended with no danger whatever, etc., etc., etc.

It is the long settled doctrine of this court that negligence is a fact, the finding of which is clearly within the province of a jury."

With us the rule is also well settled that in the absence of statute defining the acts which constitute negligence, then it is a question of fact for the determination of the jury. T. & P. Railway Co. vs. Murphy, 46 Tex. 357. We have no statute which makes it an act of negligence to get off a moving train, and it would be error for the court to instruct the jury that such act constituted negligence.

The charge complained about submitted to the jury the question of negligence as one of fact, and it is presented by the charge in these words:—

"If plaintiff, Smith, took no more risk in leaving the train than ordinarily prudent men would take under like circumstances, then he is not precluded from recovering on account of negligence.

If the jury believe from the evidence that the plaintiff did not exercise the care and prudence which under like circumstances ordinarily prudent men would have used in getting off defendant's train, and thereby was injured, he is not entitled to recover anything in this suit."

These instructions submit what seems to us to be the appropriate tests to be applied by the jury in determining whether or not appellee was guilty of negligence upon that occasion; and the evidence warranted these instructions, for it appears that the train at the time was moving very slowly.

Now, if under the circumstances the danger was apparent, men of ordinary prudence would not have alighted from the train, but, if the danger was not apparent, then men of ordinary prudence might have adopted the other course.

These charges possess the merit of containing true tests, the application of which was within the comprehension of the jury.

There was no error in that portion of the charge where the jury are in effect told that if the train was not stopped at the depot for the time required by law, and that the appellee was injured by reason thereof, that this constituted negligence upon the part of the appellant. T. & F. R. R. Co. vs. Murphy, *supra*.

While the evidence is not of that full and satisfactory character that might be desired as to the extent of appellee's injuries, the jury having determined from the evidence the amount of compensation therefor, which was by them deemed just and proper, we cannot say that the verdict is so grossly excessive as to authorize this court in saying that it is clearly wrong.

The charges asked by appellant, so far as they contained correct principles of law applicable to the case, were in substance given in the main charge. The others were correctly refused as being inapplicable and upon the weight of evidence. There is no error and the judgment ought to be affirmed.

Adopted.