San Antonio & Aransas Pass Railway Company v. G. W. Jackson and Wife.

Decided February 1, 1905.

**1.—Carrier of Passengers—Negligence—Injury to Passenger in Alighting at Station.**

A petition alleging negligence on the part of a railway in failing to stop its train at a station a sufficient length of time to permit plaintiff to alight in safety, held to state a cause of action, though the allegations show that the train was in motion when plaintiff attempted to alight.

**2.—Injury to Wife—Damages—Value of Services of Wife—Pleading.**

Where the action is for injuries to plaintiff's wife, it is not necessary or proper to allege or prove the value of the services of the wife, it being within the province of the jury, judging from all the surrounding circumstances, to determine what amount shall be awarded as damages for such item.

**3.—Same—Parties—Waiver of Misjoinder.**

While the wife is not a necessary or proper party to an action by the husband for damages resulting from personal injuries to her, yet where no objection was made at the trial because of her joinder as plaintiff, and no prejudice is shown to have resulted therefrom to the defendant, the question of such misjoinder can not be raised on appeal.

**4.—Opinion Evidence—Stopping Train at Station.**

Testimony that in the opinion of the witness the train stopped long enough to allow all the passengers to alight at a station, was properly excluded where the witness was not shown to have been an expert on such matters.

**5.—Negligence—Alighting From Moving Train—Question for Jury.**

The act of alighting from a moving train is not negligence per se, but it is a question for the jury whether the conduct of plaintiff constituted negligence proximately contributing to the injury.

**6.—Personal Injuries—Verdict.**

A verdict of $4,200 for injuries to plaintiff's hip, knee and ankle rendering her unable to walk without the aid of crutches, and causing the muscles of the injured leg to waste away, such injuries being permanent, was not excessive.

Appeal from the District Court of Gonzales. Tried below before Hon. M. Kennon.

*Harwood & Walsh,* for appellant.—1. The court erred in overruling

defendant's special exception to paragraph 5 of plaintiffs' petition, for the reason therein stated, that it appears that plaintiff attempted to alight from the train after it had started, without showing that she made an effort to have the train stopped to enable her to alight in safety, and without allegations showing that at the time she attempted to alight it was apparent to a reasonable person that it might be done with safety, or that there was no apparent danger under the circumstances in making the attempt. Houston & T. C. Ry. Co. v. Leslie, 57 Texas, 86-89; Railway Co. v. Le Gierce, 51 Texas, 198; Murray v. Gulf, C. & S. F. Ry. Co., 73 Texas, 2; Texas & N. O. Ry. Co. v. Crowder, 63 Texas, 503; Solomon v. Railway Co., 103 N. Y., 437; Railway Co. v. Letcher, 69 Ala., 106; Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Texas, 163.

2. Damages for a personal trespass committed on the wife during marriage is community property, and in a suit therefor the wife is neither a proper or necessary party; the value of her time and services to her husband depends on the circumstances of each case, and when not stated and a special exception is presented, it must be sustained. The prayer for relief and judgment was subject to exception and the court erred in overruling the same. Texas C. Ry. Co. v. Burnett, 61 Texas, 638; Telegraph Co. v. Cooper, 71 Texas, 511; Vaughn v. Railway Co., 9 Texas Ct. Rep., 594.

3. The court erred in excluding from the jury, on objection by plaintiff, the testimony of L. E. Denman to the effect that in his opinion the train stopped at Slayden on the evening of June 2 a sufficient length of time to have allowed all passengers to alight in safety. St. Louis & S. W. Ry. Co. v. Byers, 70 S. W. Rep., 560; S. & E. T. Ry. Co. v. Brousard, 69 Texas, 622; Railway Co. v. Hepner, 83 Texas, 140; Gulf, C. & S. F. Ry. Co. v. Richards, 83 Texas, 206; Railway v. Klaus, 64 Texas, 293; Railway v. Jarrard, 65 Texas, 360; Railway v. Locker, 78 Texas, 279; McCray v. Galveston, H. & S. A. Ry. Co., 89 Texas, 173; St. Louis A. & T. Ry. Co. v. Johnston, 78 Texas, 541; Scalf v. Collin County, 80 Texas, 517.

4. The court erred in refusing to give the charge requested by the defendant instructing the jury to find a verdict for the defendant, for the reason that plaintiff in her testimony admitted that the train was in motion before she attempted to leave the train, and that she made no effort to have it stopped by the servants on the train. Missouri, K. & T. Ry. Co. v. Halton, 95 Texas, 115; Galveston, H. & S. A. Ry. Co. v. Faber, 77 Texas, 153.

5. The amount of the verdict is excessive and unreasonable for the injuries proven on the trial, and for this reason should not be permitted to stand. Railway Co. v. Hall, 78 Texas, 659.

*Terrell, Hopkins & Terrell* and *J. W. Rainbolt,* for appellees.—1. Where the petition alleges that the passenger promptly and immediately proceeded to alight from the car after it had come to a stop, but that the train did not stop long enough to allow petitioner to alight in safety, and while in the act of leaving the train it was without notice suddenly lurched forward, throwing plaintiff violently upon the platform, a case of negligent liability is pleaded. Galveston, H. & S. A. Ry. Co. v.

Hubbard, 76 S. W. Rep., 764; Missouri, Kansas & T. Ry. Co. v. McElree, 41 S. W. Rep., 845.

2.   This being a suit to recover for the loss of the value of the services of the wife, decreased capacity for such services in the future and physical and mental suffering by reason of the injuries inflicted, and such damages not being peculiar in any manner, but of a character that naturally and necessarily implies a diminution of her physical and mental qualities, are recoverable as general damages and the amount thereof need not be specifically alleged, as it could be ascertained under the general averment. Railway Co. v. Vance, 41 S. W. Rep., 167; Gulf, C. & S. F. Ry. v. Younger, 90 Texas, 389; Railway Co. v. Lacy, 86 Texas, 244.

3.   In cases of this character where no objection is taken to the wife joining in the suit with her husband in the lower court, it can not be raised on appeal for the first time. Railway Co. v. Helm, 64 Texas, 149; and it is not error for the wife to join in such suit unless appellant shows injury, even though the fact of such joining be excepted to. Railway Co. v. Helm, 64 Texas, 149.

4.   The questions and answers as to whether the trains stopped long enough elicited conclusions of the witnesses, and if permitted to be proved, invaded the province of the jury, it being permissible only for the witnesses to state the facts (all that occurred) and the province of the jury to weigh such facts and decide the issue under the charge of the court. Texas & P. Ry. Co. v. Lee, 51 S. W. Rep., 351.

5.   It is well settled that proof of the position of the wife with regard to her family, and the duties and labor ordinarily performed by her before and after the infliction of the injuries complained of, authorize the jury to estimate the value of such services, and evidence of the money value thereof is not necessary. Railway v. Lacy, 86 Texas, 245; Railway v. Vance, 41 S. W. Rep., 167.

FLY, Associate Justice.—This is a suit instituted by G. W. Jackson and Lula Jackson, his wife, to recover of appellant damages accruing through personal injuries inflicted on Lula Jackson. Trial by jury terminated in a verdict and judgment for $4,200 in favor of appellees.

Lula Jackson was a passenger on appellant's train from Gonzales to Slayden and was injured while alighting from a car at the point of destination, through the negligence of appellant in not stopping a sufficient length of time to enable Mrs. Jackson to leave the car, and in suddenly and violently starting the car in such a manner as to throw her to the platform. Her injuries were serious and permanent.

The first assignment of error complains of the action of the court in not sustaining an exception to the petition on the ground that it appears from its allegations that Lula Jackson tried to alight from the train after it had started from the station. The allegations are as follows: "That as said passenger train upon which the said Lula Jackson was a passenger neared the town of Slayden, she prepared herself to alight from said train, and that soon thereafter the train stopped at the depot in said town, and that immediately thereafter and without delay the said Lula Jackson promptly proceeded to alight from said cars and train upon which she was a passenger, and that while the said Lula

Jackson was leaving said train and without any warning said train began to move and did suddenly lurch forward, throwing said Lula Jackson violently upon the platform of the defendant at said depot. All caused by the negligence and carelessness of the defendant and its employes in operating said train and in negligently refusing and failing to stop at said station a sufficient length of time for passengers and the said Lula Jackson to alight therefrom in safety. That by the act of the employes in not stopping said train a reasonable length of time to permit the said Lula Jackson to alight therefrom in safety, and by reason of the negligence of the said employes in starting said train suddenly and without notice as the said Lula Jackson was alighting therefrom, and that by reason of said negligence and carelessness of the defendant as aforesaid, the said Lula Jackson was violently thrown to the platform of defendant at said depot and greatly injured," etc. If the allegations show, as contended by appellant, that the train was in motion when Mrs. Jackson attempted to alight, it does not follow that the exception should have been sustained. A cause of action was stated.

It was not necessary to allege or prove the value of the services of the wife. They could be inferred by the jury from all the circumstances surrounding her. This matter has been fully discussed and settled against the contention of appellant in a number of cases. (Gainesville, H. & W. Ry. Co. v. Lacy, 86 Texas, 244; Missouri, K. & T. Ry. Co. v. Vance (Texas Civ. App.,), 41 S. W. Rep., 167.) In the first case Judge Brown said: "The term service, as used at common law in relation to the labor performed and aid rendered by a wife, does not properly represent the dignity of the wife's work as a member of the matrimonial partnership in Texas. She no more owes service to the husband than he to her. Her duties are those of a wife, and are not to be valued as that of a servant or hireling." Such being the case no money value of her service as a wife should be alleged, and could not in most instances be proved if alleged. In such cases the assessment of reasonable compensation must be confided to the sound discretion and judgment of the men who compose the jury.

Under the same assignment of error, that the above proposition was submitted under, there is another to the effect that the wife is neither a necessary or proper party in this suit and that the court erred in overruling an exception on that ground. This proposition has nothing in the assignment upon which it can be based, and if it had could not be entertained for the reason that appellant presented no exception to the petition on the ground of the joinder of the wife with the husband in the suit. Even if the exception had been presented and overruled, appellant could gain no advantage from it unless it appeared that injury had resulted from the action of the court. (Galveston, H. & S. A. Ry. Co. v. Baumgarten, 31 Texas Civ. App., 253.

The court did not err in excluding the evidence of L. E. Denman to the effect that in his opinion the train stopped long enough, at the time Mrs. Jackson was hurt, to give sufficient time for all passengers to alight. The witness was a boy nineteen years of age and was not shown to have been such an expert as to know how long a train should stop to allow passengers to alight. He testified that the train stopped from three to three and a half minutes, and even longer than it usually stopped at

that station, and it was for the jury to determine whether the train had stopped a sufficient time to allow passengers to alight. The jury was doubtless better prepared to decide the issue than the witness. The question raised has been directly decided by this court adversely to appellant's contention, and the decision was approved by the Supreme Court. (Texas & P. Ry. Co. v. Lee, 21 Texas Civ. App., 174, 51 S. W. Rep., 351.) What has been said applies with equal force to the opinions of different passengers on the train to the effect that the train stopped long enough for Mrs. Jackson to get off.

The testimony of Mrs. Jackson is not as clear as might be desired on the question as to whether she was in the act of alighting from the train when the sudden start was made or whether she made the attempt to get off after the train had started and was in motion. It may be, however, that the deduction drawn from her testimony by appellant is the correct one and that she got off the train while it was in motion. While this may be true it does not follow that the court should have instructed the jury to return a verdict for appellant as requested by it.

The rule is well settled in Texas that in the absence of a statute prescribing that certain acts are unlawful and the doing of which would consequently be negligence, the question of negligence must be submitted to a jury. (Texas & P. Ry. Co. v. Murphy, 46 Texas, 356; Galveston, H. & S. A. Ry. Co. v. Smith, 59 Texas, 406; Kansas City & G. S. L. Ry. Co. v. Dorough, 72 Texas, 108; Houston & T. C. Ry. Co. v. Stewart, 14 Texas Civ. App., 703, 37 S. W. Rep., 770; Born v. Railway (Tex. Civ. App.), 39 S. W. Rep., 170; Missouri, K. & T. Ry. Co. of T. v. McElree, 16 Texas Civ. App., 182, 41 S. W. Rep., 843. As said in Railway v. Smith, supra: "We have no statute which makes it an act of negligence to get off a moving train, and it would be error for the court to instruct the jury that such act constituted negligence." The court properly instructed the jury: "If you find that on the occasion, when the plaintiff, Mrs. Jackson, alighted from the train at Slayden, if she did so, the train was in motion, and you find that it was negligence on her part to attempt to alight therefrom under such circumstances, and that such negligence on her part caused or proximately contributed to her injuries, if she was injured, you will find for the defendant, regardless of whether or not those in charge of the train were negligent in starting the train when it was started, and regardless of whether or not the train was suddenly started without warning."

The sixteenth and seventh assignments of error present the question as to whether it is proper to submit the question of the wife's services in the absence of proof placing a money value upon them, and are disposed of by what is hereinbefore said on the question.

The court instructed the jury that if the train stopped a reasonably sufficient length of time, at Slayden, to enable Mrs. Jackson to alight in safety, by the exercise of ordinary care, they should find for appellant. It was, therefore, unnecessary to repeat practically the same instruction in a charge requested by appellant.

It appears from the evidence that Mrs. Jackson was injured about two years before the trial, that her hip, knee and ankle were so injured that she could not walk without the aid of crutches, that the muscles of the injured leg have wasted away so that it is smaller than the other

leg, that the hip joint is injured, that the injuries are permanent, that she suffers great pain from her injuries, and that the injuries are permanent. We are not prepared to hold that a verdict for $4,200, under the circumstances, is excessive.

The remaining assignments of error attack the sufficiency of the evidence to sustain the verdict and are disposed of by our conclusions of fact.

The judgment is affirmed.

*Affirmed.*

Writf of error refused.