**WESTERN UNION TELEGRAPH CO. v. BROWN et al. (No. 1287.)**

(Court of Civil Appeals of Texas. Beaumont. May 6, 1926. Rehearing Denied May 26, 1926.)

**1. Telegraphs and telephones ⊜73(1).**

Whether message announcing impending death was filed with telegraph company for transmission and delivery *held* for jury.

**2. Telegraphs and telephones ⊜54(7)—Stipulation on form on which telegraph agent copied sender's message, not known or agreed to by sender, is not binding on him.**

Where message of sender written on blank tablet paper was copied by agent of telegraph company on company's form, provisions of which were not known or consented to by sender, stipulation on form that claims for damages against telegraph company must be filed in 95 days after cause of action accrued was not binding on sender.

**3. Trial ⊜352(4)—Failure to submit question of negligence in not sending or delivering message held not error, where there was no controversy as to message not having been transmitted (Rev. St. 1925, art. 2185).**

Under Rev. St. 1925, art. 2185, where there is no controversy as to telegraph message not having been transmitted or delivered failure to submit question of negligence in not sending or delivering message, resulting in plaintiffs' failure to reach father before he died *held* not error.

**4. Trial ⊜351(2), 366.**

Under Rev. St. 1925, art. 2190, failure to object to charge on ground that it did not submit question of negligence, or to present special charge or issues submitting question, waives its submission, and such finding as is necessary to support judgment is deemed to have been made by court.

**5. Telegraphs and telephones ⊜68(5) — Whether telegraph company knew that father described in message as fatally ill resided at different place from that where message was filed held immaterial.**

If one to whom message is sent advising him of fatal illness of father could have reached father before death if message had been transmitted and delivered within reasonable time, it is immaterial whether telegraph company had notice that father resided at different place from that where message was filed.

**6. Telegraphs and telephones ⊜53—If neglect to deliver message caused failure to reach father before his death, possibility of doing so after second message, is immaterial.**

Where negligence of telegraph company in failing to transmit and deliver first message within reasonable time was cause of plaintiffs' being unable to reach their father before his death, it is immaterial whether it was possible for plaintiffs to do so after second message was sent.

**7. Appeal and error ⊜1070(1)—Where verdict assessed damages in sum of $500—$250 for each of plaintiffs—judgment partitioning damages between plaintiffs, not affecting amount of award, if error, is harmless.**

Where verdict assessed damages to plaintiffs in sum of $500—$250 for each of them— and was not objected to as to substance or form, that judgment partitioned damages between plaintiffs does not affect amount of award against defendant, and, if error, is harmless.

Appeal from District Court, Angelina County; L. D. Guinn, Judge.

---

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by Leo Brown and another against the Western Union Telegraph Company. Judgment for plaintiffs, and defendant appeals. Affirmed.

Young & Stinchcomb, of Longview, for appellant.

Fairchild & Redditt, of Lufkin, for appellees.

O'QUINN, J. Appellees, Leo Brown and Antonio Brown, sued appellant to recover damages in the sum of $2,500 for alleged failure to promptly transmit and deliver two telegraph messages filed at Trinity, Tex., addressed to appellees at Lufkin, Tex., signed by J. E. Brown, their brother, concerning the illness of their father, Warren Brown. Appellees alleged that on July 6, 1923, J. E. Brown filed with appellant, at Trinity, Tex., and paid all charges for transmission and delivery, the following telegram:

"Trinity, Texas, July 6, 1923.

"Leo and Antonio Brown, Care Lufkin Foundry, Lufkin, Texas. Papa calls for you two children, very low, come at once.

"[Signed]   J. E. Brown."

This message was never delivered, and appellees allege that, if it had been timely transmitted and delivered, they could and would have been with their father before his death, but that appellant negligently failed to transmit and deliver said message to them, by reason of which negligence they were denied being with their father, because of which they suffered mental anguish and damages in the sum prayed for.

The second message was sent two days later. It read:

"Trinity, Texas, July 8, 1923.

"Leo and Antonio Brown, colored, Care Lufkin Foundry, Lufkin, Texas. Papa is dying, come at once.        [Signed]   J. E. Brown."

This message was filed for transmission at Trinity at 11:30 a. m. Sunday, July 8, 1923. It was delivered on Monday. Antonio Brown, after being advised by long distance telephone operator that there was a message at the Western Union office for her, inquired for said message, and was told there was none for her. She returned to long distance and was again told that there was such message for her at the Western Union office. She again called for it, and it was given to her. Appellees then immediately went to the home of their father, but he had died at 1:30 p. m. on Sunday. However, they were in time for the funeral.

Appellant answered with a general demurrer, general denial, and specially denied that the alleged message of July 6, 1923, was ever delivered to it for transmission, and that, if said message was filed with it for transmission, it was a part of the contract that appellant should not be liable for damages unless the claim for damages should be present-

ed within 95 days after the cause of action accrued, and other defenses not necessary to mention.

Appellees replied to said answer by supplemental petition.

The case was tried to a jury upon special issues, and upon their answers judgment was rendered for appellees in the sum of $500— each of appellees $250.

[1] Appellant's first, second, and third propositions assert that the court erred in submitting to the jury the question of whether or not the alleged message of July 6, 1923, was filed with appellant for transmission and delivery, because not supported by the evidence, and because there was no evidence showing the filing of such message. The assignments are overruled. J. E. Brown testified, positively, that he did deliver the message to appellant for transmission, and the jury found in his favor that it was so filed.

[2] Appellant's fourth proposition is that, if the message of date July 6, 1923, was filed with appellant for transmission and delivery to appellees, it was written on a regular sending form of appellant, on which it was made a part of the contract that appellant would not be liable for damages unless the claim for damages were presented within 95 days after the cause of action, if any, accrued, and, the evidence not showing that such claim was filed within 95 days after the cause of action asserted accrued, therefore appellant is not liable. This contention cannot be sustained. The evidence shows that the message was written by J. E. Brown, the sender, on a blank piece of tablet paper, and that when he handed it to the agent of appellant for transmission the agent copied it off onto a regular form. Brown testified that he did not know of any such provision on the blank form, and that same was not in any manner called to his attention, and the jury found this to be true. The law is that, where the agent of a telegraph company writes a message on the company's blank form, which the sender does not sign nor agree to, the stipulations on the back of such blank form are not binding upon the sender. Western Union Telegraph Co. v. Honeycutt (Tex. Civ. App.) 250 S. W. 431, 433 (writ refused); Western Union Telegraph Co. v. Armstrong (Tex. Civ. App.) 207 S. W. 592.

[3, 4] Appellant's fifth proposition complains that the court erred in not submitting to the jury the question of negligence in not sending or delivering the message of July 6, 1923—the one it denied had ever been filed with it for transmission. There was no issue submitted as to whether the failure to transmit and deliver said message was negligence. There was no pretense that said message was sent, but, to the contrary, it was admitted that it was not sent, appellant contending that no such message was ever delivered to it for transmission. There was no controversy as to the message not having

been transmitted or delivered. Only controverted issues are proper to be submitted. Article 2185 (1971), Revised Civil Statutes 1925. But, under the facts, if it should be said that it was a matter proper to have been submitted to the jury, appellant, by not objecting to the charge on this account, and not having presented a special charge or issue submitting this question to the jury, waived its submission, and such finding as was necessary to support the judgment must be deemed to have been made by the court. Article 2190 (1985), Revised Civil Statutes 1925.

[5] Appellant's contention that, if the message of date July 6, 1923, was sent from Trinity, it could not contemplate that Warren Brown, the sick father of appellees, was anywhere except at Trinity, and would not be liable for appellees not seeing him near Red Branch, and not at Trinity, is overruled. The message was filed for transmission at Trinity. The sick father lived at Red Branch, some 8 miles out from Trinity. Appellees' suit is predicated upon appellant's negligence in not promptly transmitting and delivering the telegram, the alleged proximate cause of the damages suffered. The evidence shows that if appellees had gotten the telegram of July 6, 1923, on either the 6th or 7th, they could have and would have reached their father before his death. He died at 1:30 p. m. Sunday, the 8th. It was also shown that Trinity or Red Branch was but a few hours' journey from Lufkin by automobile, or by train to Trinity and car to Red Branch. There is nothing in the contention. Western Union Telegraph Co. v. Hicks (Tex. Civ. App.) 253 S. W. 565. If one to whom a message is sent advising him of the fatal illness of his father could have reached the father before his death if the message had been transmitted and delivered within a reasonable time, it is immaterial whether or not the telegraph company had notice that the father resided at a different place from that where the message was filed.

[6] Believing that appellees' case is amply made out by appellant's failure to transmit and deliver the message of July 6, 1923, we shall not discuss the questions presented relative to the message of July 8th. If, in fact, appellant negligently failed to transmit and deliver the first message within a reasonable time, and its negligence to do so was the cause of appellees being unable to reach their father before his death, it is immaterial as to whether or not it were possible for appellees to reach their father before his death after the second message was sent.

[7] Appellant contends that the court erred in rendering judgment in favor of appellees for $250 each, separately, for the reason that their petition prayed for joint damages. This contention is overruled. The jury, in answering special issue No. 6, found the damages for appellees in the sum of $500—$250 for each of them—and it does not appear that any objection as to substance or form was made to the verdict, but same was received and filed in the case. The court rendered judgment in consonance with the verdict for $250 for each of appellees. The manner in which the judgment was entered, partitioning the damages between appellees, in no manner affects the amount of the award against appellant, and is a matter of which it cannot complain, it being obvious that no injury obtains to it. If irregular and error, it is harmless as to any effect upon the liability of appellant.

Appellant presents other assignments, all of which have been considered, and none of which are believed to present error, and are therefore overruled. The judgment should be affirmed; and it is so ordered.

Affirmed.