## INTERNATIONAL–GREAT NORTHERN R. CO. v. PURSWELL et al. (No. 775.)

Court of Civil Appeals of Texas. Waco.
March 21, 1929.

Rehearing Denied April 25, 1929.

Andrews, Streetman, Logue & Mobley, of Houston, and Taylor, Atkinson & Farmer, of Waco, for appellant.

Oltorf & Oltorf, of Marlin, for appellees.

STANFORD, J. This suit was by appellees against appellant and the Pullman Company to recover damages for personal injuries alleged to have been received by Mrs. Purswell while alighting from one of the trains of appellant at its station at Marlin on the night of January 27, 1928. The court instructed a verdict for the Pullman Company, and submitted the case on special issues as to appellant, which issues being answered adversely to appellant, judgment was entered against it for $300. Appellant duly appealed and presents the record here for review.

Under appellant's sixth, seventh, and eighth propositions, it contends, in effect, that the court erred in refusing to submit to the jury an issue, raised by both pleading and evidence, as to whether appellee was guilty of contributory negligence in attempting to disembark from the front end of a Pullman coach, she not being a Pullman passenger, instead of the front end of an adjoining chair car, in which she was a passenger. Appellant alleged, in substance, that appellee's fall resulted from her own negligence, in that she was a passenger and only entitled to ride in its chair car on its train; that when said train arrived at Marlin it was going in a northerly direction, and that the door of the north end of said car led into a vestibule from which all passengers riding in said chair car were supposed to alight, and that the usual and customary conveniences were then and there furnished passengers to alight from said chair car, and that it became and was the duty of appellee to alight from the north end of said chair car, as directed and anticipated by appellant and its employees and as was done by all other passengers on said chair car; but that appellee negligently, and without the knowledge or consent of appellant or its employees, of her own volition failed to disembark from said car at the proper place, but at some time not known to appellant went out of said chair car and into an adjoining Pullman car and attempted to alight from the vestibule at the north end of said Pullman car, and that her acts and conduct in thus attempting to alight at the wrong place, without the knowledge of appellant or its employees, was contributory negligence and the proximate cause of her injury.

The evidence shows appellee was not a Pullman passenger, but was a passenger entitled to ride in a chair car immediately in front of the Pullman car in question; that some 30 minutes before the train reached Marlin appellee went to the ladies' rest room at the rear end of the chair car in which she was riding and tried to open same, but it was locked and she could not get in. She then walked into the Pullman adjoining the rear end of the chair car, the vestibule between the Pullman and chair car being open, and on to the ladies' rest room in said Pullman; that when she came out of the ladies' rest room she sent the porter to get her coat, which she had left in the chair car, and bring same to her, which the porter did, but was delayed a little in finding it. While still in the Pullman, the train stopped for Marlin. The porter, with his step-box, was at the front end of the Pullman to assist and did assist two other passengers just in front of appellee off. Appellant does not contend appellee was guilty of contributory negligence in going into the Pullman, nor in staying there as long as she did, but its contention is that she was negligent in failing to go to the front end of the chair car to get off, instead of getting off at the front end of the Pullman. There were all the necessary facilities for alighting at the front end of the Pullman that were at the front end of the chair car. There were only two other passengers getting off the Pullman, and doubtless many to get off the chair car. The train stopped only a very short time at Marlin. If, under all these circumstances, appellee, carrying her suitcase, had failed to get off where she did, and had gone on through the entire length of

the chair car to reach the front end to disembark, and the train had started before she had time to do so, the appellant could with much more plausibility contend she was negligent. Appellant's conductor testified it was his custom to take notice of the number of Pullman passengers to alight at any given station and to notify the brakeman, and that he did so on the occasion in question notify him there were two to get off at Marlin; that he did not know appellee was in the Pullman. However, there was no evidence that appellee knew anything about this custom or understanding between the conductor and brakeman. Therefore this evidence could in no way tend to show contributory negligence on the part of appellee in alighting where she did. We do not think the evidence was sufficient to raise the issue which appellant sought to have submitted.

Under other propositions, appellant contends, in effect, that appellee not having alleged as a ground of negligence a sudden starting or jerking of the train, it was error for the court to submit such issue over the objection of appellant. Appellees alleged: "That just as plaintiff was in the act of stepping from the car steps to the box on the ground * * * the train began to move, which threw her off her balance, and as a result she failed to alight safely, but fell to the ground. That a reasonable time was not allowed to plaintiff to get off the train before it started again."

The negligence alleged as a basis for recovery was that the train moved or started while appellee was on the steps in the act of alighting, and caused her to lose her balance and fall to the ground. The following special issues were submitted:

"4. Did the defendant * * * its agents or employees, cause its train to suddenly start or jerk while plaintiff was in the act of alighting from its car in Marlin on the 28th of January, 1928?" To which the jury answered: "Yes."

"5. Was the I-G. N. Railroad Company, its agents or employees, negligent in causing its train to start or jerk while plaintiff was in the act of alighting from said train on the occasion in question?" To which the jury answered: "Yes."

"6. Was such negligence * * * a proximate cause of plaintiff's injury?" To which the jury answered: "Yes."

The train could not jerk without moving. We think the allegation that the train "moved" or "started" unexpectedly while appellee was in the act of alighting, and threw her to the ground, is broad enough to include the expression "suddenly started or jerked," and that the court did not submit a ground of recovery not within the fair meaning and intent of the pleading. If the issue as to whether the train was caused to "suddenly start or jerk" was defective in so far as it included the word "jerk," yet, as said issue was within the scope and meaning of the pleading in so far as the use of the words "suddenly start" was concerned, the incorporation of the word "jerk" was not calculated to injure appellant, and is not reversible error. No exception having been urged to the petition, and the attack coming after verdict, a very liberal construction of the pleadings should be indulged to deduce therefrom the necessary fact or facts to support the judgment. Humphreys Oil Co. v. Liles (Tex. Com. App.) 277 S. W. 100; Schuster v. Frendenthal, 74 Tex. 53, 11 S. W. 1051. This is not a case where appellee recovered upon a ground of negligence not alleged, but upon the same ground alleged, or the same ground stated in a way as to impose upon appellee a greater burden than was necessary. Appellant shows here no ground for complaint.

Under other propositions appellant contends that the trial court should have entered judgment in its favor notwithstanding the findings of the jury, in that the finding of the jury to the effect that appellant's employees caused the train to suddenly start or jerk while appellee was in the act of alighting was not supported by the pleadings or the evidence, and that the finding of the jury to special issues Nos. 2 and 3, to the effect that appellant's employees failed to allow appellee sufficient time to safely alight from the train, and that such failure was the proximate cause of appellee's fall and injury, was insufficient basis for a judgment for appellee, in that the court failed to submit whether the failure of appellant to allow appellee sufficient time to alight was negligence on its part. As above stated, we think the pleading was sufficient to authorize the court to submit whether appellant's employees caused the train to suddenly start or jerk while appellee was in the act of alighting, and we think also the affirmative finding of the jury to this issue is supported by evidence. However, if this finding were not supported by either pleading or evidence, still the court was correct in entering judgment for appellees for the following reason: In response to the second issue the jury found that appellant's employees did not allow appellee sufficient time to safely alight from its train, and in answer to the third issue, found that such failure to allow sufficient time to alight from said train was a proximate cause of appellee's injury. The issue as to whether appellant's failure to allow appellee sufficient time to alight was negligence, was not submitted by the court, nor was such issue requested by any one, nor complaint of its omission made until after the trial. This being true, and there being ample evidence to support such finding, it is our duty to presume the trial court found said issue in support of the judgment. Texas Electric Railway v. Stewart (Tex. Civ. App.) 217 S. W. 1081 (writ refused); Washington v. Austin Nat. Bank (Tex. Civ. App.) 207 S. W. 382 (writ refused);

Western Union Tel. Co. v. Brown (Tex. Civ. App.) 285 S. W. 866. The above contentions are overruled.

■ Under other propositions appellant contends, in effect, the husband of the injured appellee was only a nominal party, and that the damages recovered was community property, and could not be recovered by the wife, but only by the husband, by reason of all of which the judgment was a nullity. The record discloses this suit was prosecuted jointly by both the husband and wife, and that the judgment was rendered in favor of both against appellant. This being true, and no exceptions having been made in the lower court to the joinder of the wife, and there being no contention that appellant was in any way injured thereby, it is in no position to complain on appeal. The recovery being in favor of both the husband and wife, the appellant is effectually protected against any possible additional suit by either in the future upon the same cause of action. There is no merit in this contention of appellant. San Antonio & A. P. Ry. Co. v. Jackson, 38 Tex. Civ. App. 201, 85 S. W. 445; Galveston, H. & S. A. Ry. Co. v. Brassell (Tex. Civ. App.) 173 S. W. 522; Houston Elec. Co. v. McNatt (Tex. Civ. App.) 297 S. W. 628; Id. (Tex. Com. App.) 11 S.W.(2d) 303; Southern Pacific Co. v. Ulmer (Tex. Com. App.) 286 S. W. 193.

We have considered all of appellant's assignments, and, finding no error, overrule same.

The judgment is affirmed.