### JONES et ux. v. WOMACK–HENNING & ROLLINS, Inc.

### No. 3870.

Court of Civil Appeals of Texas. Amarillo.
Sept. 28, 1932.

Rehearing Denied Nov. 2, 1932.

C. D. Russell and Williams & Day, all of Plainview, for appellants.

Pinkney Grissom and Thompson, Knight, Baker & Harris, all of Dallas, for appellee.

HALL, C. J.

The appellants Jones and wife filed this suit in the district court of Hale county against the appellee alleging that defendant is a corporation duly incorporated under the laws of the state of Texas, with its principal office at Sherman, Tex., and with a local agent and representative residing in Hale county, to wit, Guy Rollins.

The substance of the cause of action, as stated, is that Womack-Henning & Rollins, Inc., was engaged in constructing a highway from Plainview west to the west line of Hale county; that T. B. Jeter, operating a sand or gravel truck for the defendant, while returning from the railroad station to the cement mixer with a load of gravel, in Hale county, negligently drove the truck which collided with the car in which plaintiff Mrs. Stella Jones was riding, seriously and permanently injuring her. The Travelers' Indemnity Company, alleged to be a corporation, was joined

as defendant, and the prayer is for $40,000 damages.

The case was removed to the federal court, where plaintiffs dismissed their action against the Travelers' Indemnity Company without prejudice; whereupon the case was remanded to the district court of Hale county.

On December 30, 1931, appellee filed its plea of privilege to be sued in Grayson county, Tex. Plaintiffs filed their controverting affidavit, and on the 10th day of February, 1932, the court heard the plea and controverting affidavit and the evidence in support thereof, and sustained the plea, entering an order removing the case to the district court of Grayson county.

Plaintiffs' controverting affidavit contained their original petition. No demurrers or exceptions were urged to the plea or to the affidavit thereto.

It may be admitted that both the plea of privilege and the affidavit appended thereto are defective and insufficient, and we strongly incline to the opinion that they are, but it is not necessary to discuss them.

Having failed to demur to the pleading and affidavit or file any exception thereto, the defents, if any, have been waived.

A judgment which is wholly without pleadings to sustain it is fundamentally erroneous, and may be set aside by the appellate court and the cause remanded for another trial. Short v. Stephens (Tex. Civ. App.) 44 S.W.(2d) 466, 467; Browne Grain Co. v. F. & M. National Bank (Tex. Civ. App.) 173 S. W. 942; Sorenson v. City National Bank (Tex. Civ. App.) 273 S. W. 638.

But, where an effort has been made by the pleader to allege a cause of action or defense, and the pleading is defective, or would be held insufficient as against a general demurrer, and no such demurrer is urged, the defect is waived, and every presumption will be indulged in favor of its sufficiency when challenged in this court.

In Southern Casualty Co. v. Morgan (Tex. Com. App.) 16 S.W.(2d) 533, it is said: "General demurrer was pleaded, but it was not presented and given disposition. Hence, it was waived. Indiana & Ohio Live Stock Ins. Co. v. Smith (Tex. Civ. App.) 157 S. W. 755, and cases therein cited. The question (of insufficiency of the petition) is raised after verdict· and judgment, and, so, at a time when all that is possible must be presumed in aid of the pleading (see Schuster v. Frendenthal, 74 Tex. 53, 11 S. W. 1051) and at a time when the answer may help the petition (see Pope v. K. C., M. & O. Ry. Co., 109 Tex. 311, 322, 207 S. W. 514)."

I.-G. N. Ry. Co. v. Purswell (Tex. Civ. App.) 16 S.W.(2d) 363; Southern Casualty Co. v. Flowers (Tex. Civ. App.) 23 S.W.(2d) 507;

Humphreys Oil Co. v. Liles (Tex. Com. App.) 277 S. W. 100; Id. (Tex. Civ. App.) 262 S. W. 1058.

Plaintiff can no longer rely upon the allegations of the petition as prima facie proof of his right to maintain a suit where brought, but he must contest the plea under oath, alleging specific facts relied on to confer venue of the suit on the court where it is pending and has also the burden of proving the existence of such facts.

It is said in Vilbig Motor Freight Lines, Inc., v. Jenness (Tex. Civ. App.) 34 S.W.(2d) 684: "The rule that when a plea of privilege is filed which complies with requirements of art. 2007, R. S. 1925, the defendant is entitled to have the case transferred to the county of his residence, unless the plaintiff both pleaded and proved facts essential to maintain venue in the county where the suit was filed, is now too well settled to require citation of authorities. Nor do the pleadings of the plaintiff nor his controverting affidavit taken alone constitute any proof of the facts therein alleged. Meadows & Co. v. Turner (Tex. Civ. App.) 270 S. W. 899." Thompson v. Duncan (Tex. Civ. App.) 44 S. W.(2d) 508.

In order to defeat the right of appellee to have the case transferred to Grayson county, it was necessary for the appellants to make out at least a prima facie case of injuries and sustain the other allegations entitling them to maintain the suit in Hale county. The testimony does not connect the appellee with the accident, and the appellants failed to show that the truck which is alleged to have injured Mrs. Jones was the property of the defendant or was being operated at the time of the accident by the defendant's agent. It is not shown that there was a wreck or a collision upon the highway for which the defendant was responsible. It was shown by a witness who reached the scene of the accident some time thereafter that a truck similar to the one which had been used by the appellee in hauling sand and gravel was lying on or near the highway, overturned, and that near it was a car, also overturned, but there is no evidence whatever of negligence on the part of appellee, its agent, or any one else which brought about this condition. They did not show that T. B. Jeter, who is alleged to have been the driver of the truck, was an employee of the appellee. No testimony was introduced to show that Mrs. Jones sustained any damages or that she was injured as a result of any one's tortious or negligent act. As held in Standard Accident Insurance Company v. Pennsylvania Car Co. (Tex. Civ. App.) 15 S.W.(2d) 1081, the appellant, in order to maintain venue in the county where the suit was filed upon the ground alleged in its controverting affidavit, was required to show by evidence a prima facie trespass. This rule

is well settled. Perry et al. v. Wood (Tex. Civ. App.) 25 S.W.(2d) 650; Oakland Motor Car Co. v. Jones (Tex. Civ. App.) 29 S.W. (2d) 861; Eidermann v. Hansen (Tex. Civ. App.) 285 S. W. 847; Cannel Coal Co. v. Luna (Tex. Civ. App.) 144 S. W. 721.

It is said in the Eidermann Case, supra: "In the hearing of the plea of privilege, none of the facts relied upon by appellee to fix venue in Bexar county were proven by direct testimony. No witness who was present or saw the collision testified. * * * There was no evidence by which appellant's ownership of either of the cars could even be inferred. * * * Even if it had been competently shown that she [appellant's wife] was driving one of the cars, and that she was driving it in such manner as to constitute a trespass, yet, so far as the record shows to the contrary, the car may have been the property of a stranger, and appellant's wife may have been using it upon her individual and private errand, without the knowledge, consent, or acquiescence of her husband. * * * The mere pleading by controverting affidavit of the facts establishing such exception [to the plea of privilege] is not sufficient to hold a nonresident defendant against his plea. Such facts must not only be pleaded; they must be clearly and satisfactorily proven by competent evidence."

The briefs of the parties present several new and interesting questions which it will be unnecessary for us to discuss. It may be admitted that the record is sufficient to disclose that appellee company is duly incorporated, and that it had an agent and representative in charge of its business in Hale county; but these facts only as against the plea are insufficient to deprive the appellee of its privilege to be sued in Grayson county.

For the reasons stated, the judgment of the court is affirmed.

MARTIN, J., not sitting.